**Morgan Chu**
mchu@irell.com
**Samuel K. Lu**
slu@irell.com
**C. Maclain Wells**
mwells@irell.com
**Thomas C. Werner**
twerner@irell.com
**Jonathan Lindsay**
jlindsay@irell.com
**Conor Tucker**
ctucker@irell.com
**IRELL & MANELLA LLP**
1800 Avenue Of The Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**Attorneys for Defendant
and Counterclaim-Plaintiff
Skechers U.S.A., Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., an Oregon Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SKECHERS U.S.A., INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 19-cv-09230-MWF(JDEx)<br><br>**SKECHERS U.S.A., INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>DEMAND FOR JURY TRIAL |

Skechers U.S.A., Inc. ("Skechers"), the named Defendant in the above-captioned action, hereby answers the Complaint (the "Complaint") of Plaintiff Nike, Inc. ("Nike") and counterclaims against Nike as follows:

1. Skechers admits that Nike is a designer, marketer, and distributor of athletic footwear. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1 of the Complaint, and therefore specifically denies the same on that basis.

2. Skechers lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Complaint, and therefore specifically denies the same on that basis.

3. Skechers lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Complaint, and therefore specifically denies the same on that basis.

4. Skechers admits that Nike has obtained and enforced utility patents. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4 of the Complaint, and therefore specifically denies the same on that basis.

5. Skechers admits that Nike is the named assignee of certain intellectual property rights, including utility patents. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 5 of the Complaint, and therefore specifically denies the same on that basis.

6. Skechers admits the allegations of Paragraph 6 of the Complaint.

7. Skechers admits that an unnamed commentator on Sneaker News made the quoted statements set forth in Paragraph 7 of the Complaint, but Skechers specifically denies the veracity of those statements. Skechers specifically denies the remaining allegations of Paragraph 7 of the Complaint.

8. Skechers specifically denies the allegations of Paragraph 8 of the Complaint.

9. Skechers admits that Nike filed the instant lawsuit. Skechers also admits that it markets and distributes the Skech-Air Jumpin' Dots shoes and the Skech-Air Mega shoes, images of which are reproduced in Paragraph 9 of the Complaint. Skechers denies that the Skech-Air Jumpin' Dots shoes and the Skech-Air Mega shoes infringe the patents-in-suit. Skechers lacks knowledge or information sufficient to form a belief about the truth of Nike's intentions in bringing this lawsuit, and therefore denies the same on that basis. Skechers specifically denies the remaining allegations of Paragraph 9 of the Complaint.

10. Skechers admits that Nike and its subsidiary Converse have collectively filed four complaints asserting purported intellectual property rights against Skechers, three in district court and one in the ITC. Skechers admits that the first lawsuit relates to Converse's purported trademark rights in the midsole configuration that Converse has used on certain of its Chuck Taylor All Star shoes; that the second and third lawsuits relate to design patents; and that the instant lawsuit relates to utility patents. Skechers specifically denies the remaining allegations of Paragraph 10 of the Complaint.

11. Skechers admits that in the first lawsuit, Converse filed a complaint seeking an ITC investigation against Skechers' Twinkle Toes and BOBS shoe lines as well as Skechers' discontinued Daddy'$ Money and Hydee Hytop shoe lines for allegedly infringing Converse's purported trademark rights in the midsole configuration that Converse has used on certain of its Chuck Taylor All Star shoes. Skechers admits that the ITC instituted an investigation titled *In the Matter of Certain Footwear Products*, USITC Inv. No. 337-TA-936, that the ITC investigation includes other named Respondents, and that the ITC investigation is still pending. Skechers denies that the Skechers' Twinkle Toes, BOBS, and Hydee Hytop shoe lines are infringing because, among other things, Nike has conceded that Skechers' Twinkle Toes shoe line does not infringe Converse's purported trademark rights, the ITC has determined that Skechers' BOBS shoe line does not infringe

Converse's purported trademark rights, and the Chief Administrative Law Judge (the "CALJ") of the ITC has determined that Skechers' Hydee Hytop shoe line does not infringe Converse's purported trademark rights. Skechers also denies that Converse has trademark rights in the midsole configuration with regards to Skechers because the CALJ of the ITC has determined that (1) Skechers began using the midsole configuration starting in 2001 and (2) the evidence showed that, as of 2001, Converse had no trademark rights that it could assert against Skechers. Skechers further denies that Skechers Daddy'$ Money shoe line is infringing because the CALJ of the ITC has determined that Converse has no trademark rights that it could assert against Skechers. Skechers admits that the illustration in Paragraph 11 of the Complaint shows a Converse shoe and a Skechers shoe. Skechers specifically denies the remaining allegations of Paragraph 11 of the Complaint.

12. Skechers admits that in the second lawsuit, Nike filed a complaint accusing the Skechers shoes identified in Paragraph 12 of the Complaint of infringing Nike's design patents. Skechers admits that the second lawsuit is titled *NIKE, Inc. v. Skechers U.S.A., Inc.*, Case No. 2:17-cv-08509-JAK (Ex) and is currently pending in the United States District Court for the Central District of California. Skechers denies that its shoes infringe the asserted design patents because, among other things, (1) after Skechers challenged the asserted design patents in *inter partes* review proceedings, Nike found it necessary to make arguments limiting the scope of the asserted design patents in order to preserve their validity and (2) these statements operate as prosecution history estoppels and/or prosecution disclaimers that limit the scope of the asserted design patents. Skechers admits that the illustrations in Paragraph 12 of the Complaint show Nike designs and Skechers shoes, but Skechers denies that the Skechers shoes are infringing. Skechers lacks knowledge or information sufficient to form a belief about the truth of Nike's intentions in bringing the second lawsuit, and therefore denies the same on

that basis. Skechers specifically denies the remaining allegations of Paragraph 12 of the Complaint.

13. Skechers admits that it filed fifteen petitions for *inter partes* review of the patents asserted in the second lawsuit with the Patent Office's Patent Trial & Appeal Board ("PTAB"). Skechers admits that the PTAB rejected Skechers' validity challenges after Nike argued for narrow verbal claim construction positions in order to preserve the validity of the challenged patents. Skechers admits that the PTAB upheld the patentability of the patents asserted in the second lawsuit based on Nike's narrow verbal claim construction positions. Skechers specifically denies the remaining allegations of Paragraph 13 of the Complaint.

14. Skechers admits that in the third lawsuit, Nike filed a complaint accusing the Skechers shoes identified in Paragraph 14 of the Complaint of infringing Nike's design patents. Skechers admits that the third lawsuit is titled *NIKE, Inc. v. Skechers U.S.A., Inc.*, Case No. 2:19-cv-08418-JAK (Ex) and is currently pending in the United States District Court for the Central District of California. Skechers admits that the illustrations in Paragraph 14 of the Complaint show Nike designs and Skechers shoes, but Skechers denies that the Skechers shoes are infringing. Skechers lacks knowledge or information sufficient to form a belief about the truth of Nike's intentions in bringing the second lawsuit, and therefore denies the same on that basis. Skechers specifically denies the remaining allegations of Paragraph 14 of the Complaint.

15. Skechers admits that it published the letter regarding the first and third lawsuits that is depicted in the illustration in Paragraph 15 of the Complaint (the "Open Letter"). Skechers admits that the Open Letter references Skechers belief that Nike maliciously and unjustifiably maintains litigation to (a) drive up its competitors' costs and (b) create a cloud of doubt regarding competitors' products, in order to discourage retailers from purchasing competitors' products, and that such

actions constitute the stifling of competition and bullying; examples of such Nike actions in this regard include:

- Ignoring "black letter law" and forcing Skechers to re-litigate non-infringement findings in Skechers' favor after Nike's wholly owned subsidiary, Converse, intentionally decided not to appeal these non-infringement findings. *Certain Footwear Products*, Inv. No. 337-TA-936, Order No. 174 at 85 (Oct. 2019) (the CALJ of the ITC finding that "[i]t is black letter law that, as the losing party on the issue of non-infringement, Converse was obligated to appeal the Commission's determination on the issue to the Federal Circuit" but failed to do so.)
- Continuing to assert design patent infringement claims against Skechers designs for which Nike has proffered no evidence of infringement before or even after Skechers filed a motion for summary judgment of non-infringement. *See, e.g.*, *Nike, Inc. v. Skechers U.S.A., Inc.*, No. 2:17-cv-08509-JAK, Dkt. 321 (C.D. Cal. Oct. 30, 2019); *id.*, Dkt. 342 (C.D. Cal. Nov. 25, 2019).
- Taking narrow verbal claim construction positions in order to preserve the validity of its design patents being challenged in *inter partes* review proceedings before the PTAB and then later disavowing these same verbal claim construction positions in district court when accusing competitors of infringing those design patents.
    - For example, in the PTAB, Nike set forth "Nike's construction of the claimed design" of U.S. Patent No. D696,853 as follows:

- Inverted Vs: the inverted Vs are illustrated as bold lines shown in blue in Illustration 2 below. They include (i) the three curved upper loop segments and (ii) the interrupted, *i.e.*, dashed, lower segments. Exhibit 1001 at 1. The claimed design includes three inverted 'V' shapes. The Petition refers to the inverted Vs as "inlaid strands."

- Fine lines: the arrays of fine lines are illustrated in green in Illustration 2 below and appear within and between the inverted V shapes. The fine lines are of generally the same width and spaced apart from one another. They run generally parallel to the inverted Vs formed by the bold lines, however, because the sides of the inverted Vs converge, the fine lines converge and truncate each other and in relation to the inverted Vs. Exhibit 1001 at 1. The Petition describes these as "interrupted" lines, and refers to them generally as "space-dye pattern."

*Skechers U.S.A., Inc. v. Nike, Inc.*, IPR2016-01043, Paper 6 at 6-7 (PTAB Aug. 18, 2016)

- The PTAB reiterated Nike's claim construction as follows:

Nike asserts the following claim construction:

> Inverted Vs: the inverted Vs are illustrated as bold lines shown in blue in Illustration 2 below. They include (i) the three curved upper loop segments and (ii) the interrupted, *i.e.*, dashed, lower segments. Exhibit 1001 at 1. The claimed design includes three inverted 'V' shapes. The Petition refers to the inverted Vs as "inlaid strands."
>
> Fine lines: the arrays of fine lines are illustrated in green in Illustration 2 below and appear within and between the inverted V shapes. The fine lines are of generally the same width and spaced apart from one another. They run generally parallel to the inverted Vs formed by the bold lines, however, because the sides of the inverted Vs converge, the fine lines converge and truncate each other and in relation to the inverted Vs. Exhibit 1001 at 1. The Petition describes these as "interrupted" lines, and refers to them generally as "space-dye pattern."

*Id.*, Paper 8 at 5-6 (PTAB Nov. 16, 2016)

- But in district court, Nike argued that no verbal claim construction is necessary, asked the district court to ignore its statements to the PTAB upon which Skechers and Nike's other competitors have relied, and, on information and belief, did so because Nike recognizes that the accused Skechers products do not infringe under the claim constructions that Nike set forth in the PTAB.

Skechers specifically denies the remaining allegations of Paragraph 15 of the Complaint.

16. Skechers denies that its business strategy includes unlawfully copying competitor designs and technologies. Skechers also denies that it unlawfully copies Nike's designs and technologies. Skechers further denies that the Open Letter failed to deny either of these allegations insofar as the Open Letter specifically stated that that "Skechers respects the intellectual property rights of others…." Skechers also denies that its business practices are unlawful or that Skechers is attempting to "get away with" unlawful business practices, but Skechers admits that it will litigate fully any attempts by Nike to assert intellectual property rights that are invalid and/or not infringed by Skechers. Skechers admits that Nike "does not always prevail" in legal proceedings against Skechers. Skechers specifically denies the remaining allegations of Paragraph 16 of the Complaint.

17. Skechers admits that the ITC investigation is still pending. Skechers admits that the Open Letter stated that: "[T]he full United States International Trade Commission already ruled once that Skechers famous Twinkle Toes and Bob's styles did not infringe Nike's alleged trademark in the Converse Chuck Taylor midsole," and that the CALJ of the ITC recently re-affirmed this finding. Skechers denies that the ITC has found that the Hydee Hytop shoe line infringes Converse's

alleged trademark in the Converse Chuck Taylor midsole, insofar as the CALJ of the ITC has determined that the Hydee Hytop shoe line does not create a likelihood of confusion with the alleged trademark. Skechers denies that the ITC has found that the Daddy's Money shoe line infringes Converse's alleged trademark in the Converse Chuck Taylor midsole, insofar as the CALJ of the ITC has determined that Converse has no such trademark rights that it can assert against Skechers. Skechers specifically denies the remaining allegations of Paragraph 17 of the Complaint.

18. Skechers admits that it is a multi-billion dollar business, but denies that its business was built by copying the intellectual property rights of others. Skechers admits that the founders of our nation included a copyright and patent clause in the Constitution to "promote the progress of science and useful arts," but Skechers denies that copyright and patent rights are as broad as suggested in Paragraph 18 of the Complaint, because statute and centuries of case law have set limitations on the scope of copyright and patent rights. *See, e.g.*, *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001) ("In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying. As the Court has explained, copying is not always discouraged or disfavored by the laws which preserve our competitive economy.…Allowing competitors to copy will have salutary effects in many instances.") (citations omitted). Skechers denies that Nike's enforcement of its intellectual property rights against Skechers is not bullying and does not stifle competition, and incorporates by reference Paragraph 15 of this Answer. Skechers specifically denies the remaining allegations of Paragraph 18 of the Complaint.

19. Skechers admits that it posted the Open Letter on Twitter. Skechers admits that, in response to that posting, certain individuals made the statements depicted in the illustrations in Paragraph 19 of the Complaint, but Skechers specifically denies the veracity of those statements. Skechers specifically denies the remaining allegations of Paragraph 19 of the Complaint.

20. Skechers admits that Robert Greenberg is its CEO. Skechers denies that Mr. Greenberg ever gave orders to knock-off competitor products. Skechers denies that it has any corporate policy or practice to "use[] code words in its internal copying documents to attempt to shield the documents from discovery in litigation," or that any court has ever made a binding finding of such a policy or practice. Skechers further denies that Skechers' employees are ordered to make "exact copies" of competitor shoes, or that any court has ever made a binding finding of such a policy or practice. The court document from *adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:15-16 CV-01741-HZ, referenced in Paragraph 20 of the Complaint, cites characterizations of evidence by an adverse party in opposing summary judgment, is describing inferences that might be drawn from conflicting evidence, and is not itself evidence of anything. The underlying evidentiary materials speak for themselves. Skechers specifically denies the remaining allegations of Paragraph 20 of the Complaint.

21. Skechers denies Nike's allegations of "free-riding." Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21 of the Complaint, and therefore specifically denies the same on that basis.

22. Skechers admits the allegations of Paragraph 22 of the Complaint.

23. Skechers admits the allegations of Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint purport to state a legal conclusion to which no answer is required; if an answer is required, Skechers admits that this action purports to invoke the Court's subject matter jurisdiction pursuant to the statutes cited. Skechers specifically denies the remaining allegations in Paragraph 24 of the Complaint.

25. Skechers admits that this Court has personal jurisdiction over Skechers because Skechers maintains its headquarters and principal place of business in this District. Skechers also admits that this Court has personal jurisdiction over

Skechers because Skechers regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. Skechers further admits that this Court has personal jurisdiction over Skechers because Skechers derives substantial revenue from goods and services sold to persons or entities in this District. Skechers denies that it has committed acts of infringement in this District. Skechers denies that it has made, used, offered to sell, sold, and/or imported products that infringe any claims of Nike's patents at issue in this lawsuit. Skechers specifically denies the remaining allegations of Paragraph 25 of the Complaint.

26. Skechers admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Skechers maintains a regular and established place of business in this District. Skechers denies that it has committed, and continues to commit, acts of infringement in this District. Skechers denies that it has made, used, offered to sell, sold, and/or imported products that infringe any claims of Nike's patents at issue in this lawsuit. Skechers specifically denies the remaining allegations of Paragraph 26 of the Complaint.

27. Skechers admits that Nike is the named assignee of U.S. Patent No. 7,401,420 (the "'420 Patent"). Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 27 of the Complaint, and therefore denies the same on that basis.

28. Skechers admits that Exhibit A purports to be a copy of the '420 Patent and that said document speaks for itself and not otherwise. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28 of the Complaint, and therefore denies the same on that basis.

29. Skechers admits that patents are presumed valid under the law, but denies that the '420 Patent is valid. Skechers specifically denies the remaining allegations in Paragraph 29 of the Complaint.

30. Skechers admits that Nike is the named assignee of U.S. Patent No. 10,098,412 (the "'412 Patent"). Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 30 of the Complaint, and therefore denies the same on that basis.

31. Skechers admits that Exhibit B purports to be a copy of the '412 Patent and that said document speaks for itself and not otherwise. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 31 of the Complaint, and therefore denies the same on that basis.

32. Skechers admits that patents are presumed valid under the law, but denies that the '412 Patent is valid. Skechers specifically denies the remaining allegations in Paragraph 32 of the Complaint.

33. Skechers denies each and every allegation in Paragraph 33 of the Complaint.

34. Skechers admits that it has made, used, offered for sale, sold, and imported into the United States Skech-Air Jumpin' Dots shoes with model number 81594 and Skech-Air Mega shoes with model numbers 97738 and 97739. Skechers specifically denies the remaining allegations in Paragraph 34 of the Complaint.

35. Skechers admits that it has made, used, offered for sale, sold, and imported into the United States Skech-Air Jumpin' Dots shoes with model number 81594. Skechers specifically denies the remaining allegations in Paragraph 35 of the Complaint.

36. Skechers admits that Nike collectively refers in the Complaint to Skech-Air Jumpin' Dots shoes with model number 81594 and Skech-Air Mega shoes with model numbers 97738 and 97739 as the "Infringing Shoes." Skechers denies that the identified Skechers shoes are infringing. Skechers specifically denies the remaining allegations in Paragraph 36 of the Complaint.

37. Skechers denies that Skech-Air Jumpin' Dots shoes with model number 81594 and Skech-Air Mega shoes with model numbers 97738 and 97739 are infringing. Skechers admits that these shoes have been sold and/or offered for sale through each of Skechers' Domestic Retail, Domestic Wholesale, and E-Commerce divisions. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 37 of the Complaint, and therefore specifically denies the same on that basis.

38. Skechers denies that Skech-Air Jumpin' Dots shoes with model number 81594 and Skech-Air Mega shoes with model numbers 97738 and 97739 are infringing. Skechers admits that these shoes have been sold and/or offered for sale in the United States, including in this District, through each of Skechers' Domestic Retail, Domestic Wholesale, and E-Commerce divisions. Skechers admits that third-party resellers have sold and/or offered for sale these shoes in the United States, including in this District. Skechers lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 38 of the Complaint, and therefore specifically denies the same on that basis.

39. Skechers denies each and every allegation in Paragraph 39.

40. Skechers incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 39, inclusive, of the Complaint. Skechers denies that there has been any "INFRINGEMENT…OF THE '420 PATENT" by Skechers, as alleged in the title preceding Paragraph 40.

41. Skechers denies each and every allegation in Paragraph 41.

42. Skechers denies each and every allegation in Paragraph 42.

43. Skechers denies each and every allegation in Paragraph 43.

44. Skechers denies each and every allegation in Paragraph 44.

45. Skechers denies each and every allegation in Paragraph 45.

46. Skechers denies each and every allegation in Paragraph 46.

47. Skechers denies each and every allegation in Paragraph 47.

48. Skechers denies each and every allegation in Paragraph 48.

49. Skechers denies each and every allegation in Paragraph 49.

50. Skechers incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 39, inclusive, of the Complaint. Skechers denies that there has been any "INFRINGEMENT…OF THE '412 PATENT" by Skechers, as alleged in the title preceding Paragraph 50.

51. Skechers denies each and every allegation in Paragraph 51.

52. Skechers denies each and every allegation in Paragraph 52.

53. Skechers denies each and every allegation in Paragraph 53.

54. Skechers denies each and every allegation in Paragraph 54.

55. Skechers denies each and every allegation in Paragraph 55.

56. Skechers denies each and every allegation in Paragraph 56.

57. Skechers denies each and every allegation in Paragraph 57.

58. Skechers denies each and every allegation in Paragraph 58.

59. Skechers denies each and every allegation in Paragraph 59.

60. Skechers denies each and every allegation in Paragraph 60.

61. Skechers denies each and every allegation in Paragraph 61.

62. Skechers denies each and every allegation in Paragraph 62.

63. Skechers admits that pursuant to Federal Rule of Civil Procedure 38(b), Nike demands a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

AS AND FOR ITS SEPARATE AND AFFIRMATIVE DEFENSES, with respect to Nike's claims regarding the '420 Patent and '412 Patent (collectively, the "Asserted Patents"), Skechers alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Nike's Complaint fails to state any claim against Skechers upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Non-Infringement)

2. Skechers has not infringed and currently is not infringing any of the Asserted Patents.

**THIRD AFFIRMATIVE DEFENSE**

(Invalidity/Unenforceability)

3. Each of the Asserted Patents is invalid and/or unenforceable for failure to meet one or more conditions of patentability, including without limitation, those specified in 35 U.S.C. §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches, Equitable Estoppel, Waiver, and Unclean Hands)

4. Nike's claims against Skechers are barred in whole or in part by one or more of the equitable doctrines of laches, equitable estoppel, waiver, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

(Limitation on Damages)

5. Nike's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and 287.

**SIXTH AFFIRMATIVE DEFENSE**

(Costs Barred)

6. Nike's claim for costs is barred and/or limited by 35 U.S.C. § 288.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Injunctive Relief)

7. Nike is not entitled to injunctive relief because any alleged injury is not irreparable, and Nike has an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Damages)

8. Nike has suffered no damages and/or has failed to mitigate its damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Prosecution History Estoppel)

9. Nike's claims are barred and/or limited by the doctrine of prosecution history estoppel and/or prosecution history laches.

**TENTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

10. Skechers is informed and believes and on that basis alleges that it may have additional defenses available to it, which are not fully known and of which it is not presently aware. Skechers reserves the right to raise and assert further additional defenses after such defenses have been ascertained.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Skechers counterclaims against Nike and, in support thereof, alleges the following:

**PARTIES**

11. Counterclaim-Plaintiff Skechers is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 228 Manhattan Beach Boulevard, Manhattan Beach, California 90266.

12. NIKE is a corporation organized and existing under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

**JURISDICTION AND VENUE**

13. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on an actual controversy between

Skechers, on the one hand, and NIKE, on the other hand, for claims under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. Skechers is seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. An actual, substantial, and continuing justiciable controversy exists between Skechers and Nike based on Nike having filed a Complaint against Skechers accusing Skechers' Skech-Air Jumpin' Dots shoes with model number 81594 and Skech-Air Mega shoes with model numbers 97738 and 97739 of infringing one or more of the Asserted Patents. Skechers requires a declaration of its rights by this Court with respect to this actual, substantial, and justiciable controversy. Specifically, the controversy concerns the invalidity and non-infringement of the Asserted Patents and the right of Nike to maintain suit for alleged infringement of the Asserted Patents.

15. This Court has personal jurisdiction over NIKE, *inter alia*, because Nike has submitted to the personal jurisdiction of this Court by filing the Complaint. Furthermore, upon information and belief, Nike has a regular and established place of business in this judicial district. For example, upon information and belief, Nike maintains sales, marketing, and product design offices at 3505 Hayden Avenue, Culver City, California 90232 in this judicial district. Upon information and belief, Nike leases a distribution center in Foothill Ranch, California from which Nike brand apparel and equipment are shipped, and Nike operates a number of retail stores in this judicial district at which it sells and offers for sale its products.

16. This Court also has personal jurisdiction over NIKE at least because, upon information and belief, NIKE transacts and solicits business in the State of California.

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, *inter alia*, because Nike submitted to the venue of this Court by filing the Complaint.

**FIRST COUNTERCLAIM**

(Declaratory Judgment Of Non-Infringement)

18. Paragraphs 1 to 7 of this Counterclaim are incorporated herein as set forth above.

19. An actual and justiciable controversy exists between Skechers and Nike as to whether Skechers infringes the Asserted Patents because Nike brought this action alleging that Skechers infringes the Asserted Patents and Skechers denies this allegation.

20. Absent a declaration of non-infringement, Nike will continue to assert the Asserted Patents wrongfully against Skechers and thereby cause Skechers irreparable injury.

21. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Skechers is entitled to a declaration by this Court that Skechers does not infringe any claim of the Asserted Patents under any theory, either directly or indirectly (by way of inducement and/or contributory infringement), literally or through the doctrine of equivalents, willfully or otherwise.

22. This is an exceptional case entitling Skechers to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SECOND COUNTERCLAIM**

(Declaratory Judgment Of Invalidity)

23. Paragraphs 1 to 12 of this Counterclaim are incorporated herein as set forth above.

24. An actual and justiciable controversy exists between Skechers and Nike as to whether the Asserted Patents are valid because Nike brought this action alleging that the Asserted Patents are valid and Skechers denies this allegation.

25. Absent a declaration of invalidity, Nike will continue to assert the Asserted Patents wrongfully against Skechers and thereby cause Skechers irreparable injury.

26. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Skechers is entitled to a declaration by this Court that the Asserted Patents are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code, including without limitation, those specified in 35 U.S.C. §§ 101, 102, 103, and 112.

27. This is an exceptional case entitling Skechers to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**RELIEF SOUGHT**

WHEREFORE, Counterclaim-Plaintiff Skechers respectfully requests that a judgment be entered against Counterclaim-Defendant NIKE as follows:

a. That Nike take nothing by its Complaint;

b. That the Court enter judgment in favor of Skechers in this action, and deny Nike all requested relief;

c. That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of Skech-Air Jumpin' Dots shoes do not infringe and will not infringe the claims of the '420 patent;

d. That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of Skech-Air Mega shoes do not infringe and will not infringe the claims of the '420 patent;

e. That a declaration be issued that the manufacture, use, offer for sale, sale, and/or importation of Skech-Air Jumpin' Dots shoes do not infringe and will not infringe the claims of the '412 patent;

f. That a declaration be issued that the claims of the '420 patent are invalid;

g. That a declaration be issued that the claims of the '412 patent are invalid;

h. That the Court find that Nike cannot recover any damages from Skechers;

i. That the Court find that Nike is not entitled to any other relief at law or in equity;

j. That the Court declare that this is an exceptional case entitling Skechers to its reasonable attorneys' fees under 35 U.S.C. § 285;

k. That the Court award Skechers its costs and reasonable attorneys' fees; and

l. That the Court grant Skechers all other and further relief to which it may show itself to be entitled.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Skechers hereby requests a trial by jury of all issues so triable.

Dated: January 3, 2020

Respectfully submitted,
IRELL & MANELLA LLP

By: *\/s/ Samuel K. Lu*
Samuel K. Lu

Morgan Chu (70446)
mchu@irell.com
Samuel K. Lu (171969)
slu@irell.com
C. Maclain Wells (221609)
mwells@irell.com
Thomas C. Werner (223792)
twerner@irell.com
Jonathan Lindsey (208840)
jlindsay@irell.com
Conor Tucker (318075)
ctucker@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Defendant
And Counterclaim-Plaintiff
Skechers U.S.A., Inc.