Jeffrey T. Thomas, SBN 106409
jtthomas@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Sean S. Twomey, SBN 279527
stwomey@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7284
Facsimile: (213) 229-6284

*[Additional Counsel Listed on Signature Page]*

Christopher J. Renk (admitted *pro hac vice*)
crenk@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
71 South Wacker Drive, Suite 3600
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Plaintiff NIKE, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NIKE, INC.,

Plaintiff,

vs.

SKECHERS U.S.A., INC.,

Defendant.

Case No. 2:19-cv-09230-MWF-JDE

**NIKE, INC.'S ANSWER TO SKECHERS U.S.A., INC.'S AMENDED COUNTERCLAIMS**

Plaintiff NIKE, Inc. ("NIKE") hereby answers the counterclaims of Defendant Skechers U.S.A., Inc. ("Skechers") as follows:

**PARTIES**

1. NIKE admits the allegations of Paragraph 1.

2. NIKE admits the allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. NIKE admits this action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. NIKE admits this Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on an actual controversy between Skechers, on the one hand, and NIKE, on the other hand, for claims under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. NIKE admits Skechers is seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but NIKE denies Skechers is entitled to the relief it seeks.

4. NIKE admits an actual and justiciable controversy exists between Skechers and NIKE based on NIKE having filed a Complaint against Skechers accusing Skechers' Skech-Air Jumpin' Dots shoes, including at least model number 81594, and Skech-Air Mega shoes, including at least model numbers 97738 and 97739, of infringing one or more claims of U.S. Patent No. 7,401,420 and/or U.S. Patent No. 10,098,412. NIKE admits the actual and justiciable controversy between Skechers and NIKE concerns the validity and infringement of these patents. Except as so admitted, NIKE denies the remaining allegations of Paragraph 4.

5. NIKE admits this Court may exercise personal jurisdiction over NIKE in this case because NIKE submitted to the personal jurisdiction of this Court by filing the Complaint. NIKE admits it maintains a place of business in this judicial district. NIKE admits it leases a distribution center in Foothill Ranch, California from which NIKE brand apparel and equipment are shipped. NIKE admits it operates retail stores in this judicial district at which it sells and offers for sale its products. Except as so admitted, NIKE denies the remaining allegations of Paragraph 5.

6. NIKE admits this Court may exercise personal jurisdiction over NIKE in this case. NIKE admits it has transacted and solicited business in California. Except as so admitted, NIKE denies the remaining allegations of Paragraph 6.

7. NIKE admits venue is proper in this case in this judicial district under 28 U.S.C. §§ 1391 and 1400 because NIKE submitted to the venue of this Court by filing the Complaint. Except as so admitted, NIKE denies the remaining allegations of Paragraph 7.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement)

8. NIKE repeats and incorporates by reference its responses to Paragraphs 1 to 7 as though fully set forth herein.

9. NIKE admits the allegations of Paragraph 9.

10. NIKE denies the allegations of Paragraph 10.

11. NIKE denies the allegations of Paragraph 11.

12. NIKE admits it has the burden of proof on Skechers' infringement of U.S. Patent Nos. 7,401,420 and 10,098,412. Except as so admitted, NIKE denies the remaining allegations of Paragraph 12.

13. NIKE admits paragraphs 42-45 of the Complaint contain at least some of NIKE's infringement allegations for U.S. Patent No. 7,401,420, and NIKE reserves the right to provide additional infringement allegations and details through discovery in this case. Except as so admitted, NIKE denies the remaining allegations of Paragraph 13.

14. NIKE admits paragraphs 52-58 of the Complaint contain at least some of NIKE's infringement allegations for U.S. Patent No. 10,098,412, and NIKE reserves the right to provide additional infringement allegations and details through discovery in this case. Except as so admitted, NIKE denies the remaining allegations of Paragraph 14.

15. NIKE denies the allegations of Paragraph 15.

16. NIKE denies the allegations of Paragraph 16.

17. NIKE denies the allegations of Paragraph 17.

18. NIKE denies the allegations of Paragraph 18.

19. NIKE denies the allegations of Paragraph 19.

20. NIKE denies the allegations of Paragraph 20.

21. NIKE denies the allegations of Paragraph 21.

22. NIKE denies the allegations of Paragraph 22.

23. NIKE denies the allegations of Paragraph 23.

24. NIKE denies the allegations of Paragraph 24.

25. NIKE denies the allegations of Paragraph 25.

26. NIKE denies the allegations of Paragraph 26.

27. NIKE denies the allegations of Paragraph 27.

28. NIKE denies the allegations of Paragraph 28.

29. NIKE denies Skechers is entitled to an award of it attorneys' fees incurred in connection with this action. NIKE admits this is an exceptional case within the meaning of 35 U.S.C. § 285, but only to the extent that NIKE, as the prevailing party, is entitled to its attorneys' fees incurred in connection with this action. Except as so admitted, NIKE denies the remaining allegations of Paragraph 29.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity)

30. NIKE repeats and incorporates by reference its responses to Paragraphs 1 to 11 as though fully set forth herein.

31. NIKE admits the allegations of Paragraph 31.

32. NIKE denies the allegations of Paragraph 32.

33. NIKE denies the allegations of Paragraph 33.

34. NIKE denies the allegations of Paragraph 34.

35. NIKE denies the allegations of Paragraph 35.

36. NIKE denies the allegations of Paragraph 36.

37. NIKE denies the allegations of Paragraph 37

38. NIKE denies Skechers is entitled to an award of it attorneys' fees incurred in connection with this action. NIKE admits this is an exceptional case within the meaning of 35 U.S.C. § 285, but only to the extent that NIKE, as the prevailing party, is entitled to its attorneys' fees incurred in connection with this action. Except as so admitted, NIKE denies the remaining allegations of Paragraph 38.

**RELIEF SOUGHT**

NIKE denies that Skechers is entitled to any of the relief sought in Skechers' prayer for relief.

**JURY TRIAL DEMAND**

NIKE admits Skechers purports to request a trial by jury of all issues so triable.

Dated: February 7, 2020 GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jeffrey T. Thomas*
Jeffrey T. Thomas

Jeffrey T. Thomas, SBN 106409
jtthomas@gibsondunn.com
Sean S. Twomey, SBN 279527
stwomey@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Christopher J. Renk (admitted *pro hac vice*)
crenk@bannerwitcoff.com
Michael J. Harris (admitted *pro hac vice*)
mharris@bannerwitcoff.com

Matthew P. Becker (admitted *pro hac vice*)
mbecker@bannerwitcoff.com
Kimberly S. Devine (admitted *pro hac vice*)
kdevine@bannerwitcoff.com
Kurt C. Riester (admitted *pro hac vice*)
kriester@bannerwitcoff.com
Kevin Dam (admitted *pro hac vice*)
kdam@bannerwitcoff.com
Novaira T. Paul (SBN 316508)
npaul@bannerwitcoff.com

BANNER & WITCOFF, LTD
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Plaintiff NIKE, Inc.*